IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-CV-01606-REB

CHARLOTTE,

    Plaintiff,

v.

KARLA J. HANSEN, State Trial Judge,

    Defendant.

## MOTION TO DISMISS

Comes now the Honorable Karla J. Hansen, County Court Judge for the State of Colorado, and files her motion to dismiss Plaintiff's complaint. As grounds therefore, Hansen states as follows:

## INTRODUCTION

Plaintiff Charlotte Kempf brings her lawsuit to challenge her conviction on five traffic infractions in a State of Colorado court. Essentially, Plaintiff alleges that Hansen, as the presiding State Court judge, entered a conviction against her based on the testimony of a single officer, and allowed improper testimony and perjury that resulted in Kempf's conviction. As set forth below, Plaintiff's claim must be dismissed based on, among other things, the Rooker-Feldman doctrine, absolute judicial immunity, failure to state a claim, and lack of subject matter jurisdiction.

## CLAIMS

Plaintiff's Complaint challenges her conviction on five traffic offenses, including driving with a suspended license, which resulted in her spending 5 days in jail and being fined $500. Ms. Kempf seeks damages and retrospective relief for violations of her rights. Although she does not specifically allege the basis for her claims, her Complaint seems to invoke the protections of 42 U.S.C. § 1983.

According to the language of her Complaint, Plaintiff seeks the following relief in regard to the criminal trial on the underlying traffic charges against her:

1. Reinstatement of her constitutionally-protected driving privileges. Complaint, p.5.

2. A judicial reprimand for District Court Judge Hanesn for allowing trial testimony with only one of the two officers who were present and investigated at the scene of Ms. Kempf's traffic infractions. Id.

3. "[A]n investigation into who the female police officer was that was on duty and who stopped her." Id.

4. Monetary relief of $15,000. Id.

## FACTS

Plaintiff Kempf makes some factual allegations in her Complaint. Ms. Kempf likewise attached to her Complaint a "certified" copy of (1) the traffic ticket issued to her on January 30, 2009; (2) the transcript of her traffic trial in case No.

09-T-2942; and (3) the transcript of "State District Court Appeal case" No. 09-CV-354.  See Complaint, p.6, Exhibit list.

Defendants' Motion includes several documents that are directly or peripherally referenced by Ms. Kempf, including a notice of appeal and petition for certiorari.  Such documents are likewise subject to judicial notice by this Court.

1.  Plaintiff alleges she has depleted her appeals. Complaint, p.1, first sentence.

2.  Plaintiff alleges that Colorado's Supreme Court did not act on her request to that court to correct the wrong done to her by the trial court.  Id., p.1, last sentence.

3.  Plaintiff was stopped for a traffic infraction on January 30, 2009, and one of the motorcycle officers was wearing a name tag identifying her as "Walker." Id., p.2.

4.  A second officer, named "Orvin", was at the scene.  Id.

5.  Both officers signed Kempf's citation.  Id., see also, Exhibit 1 to Complaint, bottom of page.

6.  Officer Orvin was the only signatory/server of the third page of Kempf's citation.  See Exhibit A to this motion, p.5, bottom.

7.  The traffic citation was served on Kempf by Officer Orvin.  Exhibit 1 to Complaint, bottom.

8.  Kempf signed the ticket that Orvin served on her.  Id., middle of page.

9. Kempf was summoned to court on March 13, 2009. <u>Id.</u>

10. Kempf's trial date was July 2, 2009. Exhibit 4 to Complaint, p.3 of transcript.

11. The trial was held before Judge Karla Hansen, the Defendant in this lawsuit. Exhibit 4 to Complaint, p.1, caption of transcript.

12. Plaintiff was present on her court date and informed of the charges against her, including a driving under restraint, with no driver's license. <u>Id.</u>

13. The prosecution called Officer Orvin. <u>Id.</u>, p.4, line 21.

14. Officer Orvin testified about the acts of Plaintiff that led to her being served with a traffic ticket. <u>Id.</u>, p.6.

15. Ms. Kempf cross-examined the officer and re-cross-examined the officer. <u>Id.</u>, p.14, 19.

16. The Court found Ms. Kempf guilty, imposed a fine, and imprisoned Ms. Kempf for 5 days. <u>Id.</u>, p.26-27.

17. Plaintiff was found guilty of five counts, including driving without a license which was under restraint. <u>See</u> Exhibit A to this motion, p.1-2.

18. Plaintiff appealed her conviction and challenged the Court's decision to allow Orvin to testify. <u>See</u> Exhibit B.

19. The District Court entered an order on appeal affirming the trial court's guilty determination. <u>See</u> Exhibit C.

20.     Plaintiff filed a petition for certiorari to the Colorado Supreme Court challenging the Court's decision to allow Orvin to testify and her conviction. See Exhibit D.

21.     The Supreme Court denied Plaintiff's petition. See Exhibit E.

## STANDARD ON REVIEW

A motion to dismiss for lack of subject matter jurisdiction is decided under Rule 12(b)(1). See Ruiz v. McDonnell, 299 F.3d 1173, 1180 (10th Cir.2002). On a motion to dismiss under Rule 12(b)(1), "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Mortensen v. First Federal Sav. and Loan Ass'n, 549 F.2d 884, 891 (3rd Cir.1977). "Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist." Id.; See also City of Boulder v. Public Serv. Co. of Colo., 996 P.2d 198, 203 (Colo.App.1999) ( "When the court's subject matter jurisdiction is challenged, the plaintiff has the burden of proving that jurisdiction exists, and the trial court may consider evidence outside the complaint when necessary to resolve the issue."). If the plaintiff fails to establish that the trial court has subject matter jurisdiction, the court must dismiss the matter; any other order or judgment entered by the court would be void and unenforceable. Id.

In resolving a motion that challenges the factual basis for subject matter jurisdiction, "a court has wide discretion" to consider affidavits and documents, including those outside the pleadings, and the motion will not be converted to a Rule 56 motion. Wheeler v. Hurdman, 825 F. 2d 257, 259 (10th Cir. 1987).

## ARGUMENT

### Defendant Hansen is Entitled to Absolute Judicial Immunity

It is well settled that state court judges are absolutely immune from suit on claims under the civil rights statutes based on how they conduct their office, including allegations that a decision is erroneous, malicious, or in excess of their judicial authority. Stump v. Sparkman, 435 U.S. 349, 356-57 (1978); Van Sickle v. Holloway, 791 F.2d 1431, 1435-36 (10th Cir.1986). Absolute judicial immunity applies to actions brought under 42 U.S.C. § 1983. Pierson v. Ray, 386 U.S. 547, 554-55 (1967), *rev'd on other grounds in* Harlow v. Fitzgerald, 457 U.S. 800 (1982).

As demonstrated in the facts set forth in the Complaint and its attachments, the acts complained of by Plaintiff Kempf are those judicial acts which are included in the grant of absolute immunity, including holding trial, making factual determinations, and sentencing Plaintiff Kempf. Kempf's claims must therefore be dismissed. Mireles v. Waco, 502 U.S. 9, 11 (1991) (internal citations omitted) ("[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages").

<u>This Court Lacks Subject Matter Jurisdiction to Hear Plaintiff's Claims</u>

This court lacks subject matter jurisdiction over plaintiff's claim for relief under the <u>Rooker-Feldman</u> doctrine. As a rule, Federal trial courts do not have subject matter jurisdiction to hear claims previously decided by a state court. <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413, 415-16 (1923). This principle was later extended to bar federal trial courts from reviewing claims that are "inextricably intertwined" with a state court judgment. See <u>Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462, 483 n. 16 (1983). Read together, these cases form the <u>Rooker-Feldman</u> doctrine, which acts to bar "a party losing in state court from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." <u>Crutchfield v. Countrywide Home Loans</u>, 389 F.3d 1144, 1148 (10th Cir.2004)(internal quotations and citations omitted); <u>Exxon Mobil Corp. v. Saudi Basic Indus. Corp.</u>, 544 U.S. 280, 284 (2005).

Accordingly, a federal claim such as this one is barred if the injury Plaintiff alleges "resulted from the state court judgment itself," as opposed to being distinct from that judgment. <u>Kenmen Engineering v. City of Union</u>, 314 F.3d 468, 476 (10th Cir.2002)(internal quotations and citation omitted), *overruled in part by* <u>Exxon Mobil Corp.</u>, 544 U.S. 280 (2005).

Here, Plaintiff Kempf's conviction was appealed and upheld at each level of appeal, up to the Colorado Supreme Court. The conviction is a final judgment.

Plaintiff Kempf alleges multiple errors in her State court trial, and attempts to effectively overturn that conviction with this federal lawsuit. However, such suits are barred by operation of the Rooker-Feldman doctrine, and her lawsuit must be dismissed. Crutchfield, 389 F.3d at 1148.

### Plaintiff's Conviction was not Overturned, and Her Claim for Damages is Therefore Barred

Plaintiff's complaint fails to state a claim under 42 U.S.C. § 1983 for damages based on alleged wrongful conviction, as such claim in this lawsuit is barred, "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 489 (1994). As demonstrated in the facts, above, Plaintiff Kempf's conviction was affirmed, not overturned. Accordingly her claim for damages under § 1983 must be dismissed. Id.

### The Eleventh Amendment to the U.S. Constitution Bars Plaintiff's Claims for Damages and Retrospective Relief

To the extent Plaintiff Kempf sues Judge Hansen in her official capacity for damages or retrospective relief, the claims are barred by the Eleventh Amendment to the U.S. Constitution. Plaintiff Kempf clearly requests damages in the amount of $15,000. See Prayer for Relief. A claim against an official of the state of Colorado in his official capacity is in all respects considered a claim against the State of Colorado. Hafer v. Melo, 502 U.S. 21, 26 (1991).

Claims against state officials in their official capacities for monetary relief and for retrospective equitable relief for past wrongs fail to state a claim upon which relief can be granted, as they are barred by the Eleventh Amendment. See <u>Kentucky v. Graham</u>, 473 U.S. 159, 166-168 (1985). In passing § 1983, Congress did not abrogate Eleventh Amendment immunity. <u>Quern v. Jordan</u>, 440 U.S. 332, 341-45 (1979). Similarly, Defendant Hansen in her official capacity is not a "person" for purposes of a 42 U.S.C. § 1983 claim. <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58, 71 (1989).

Accordingly, any claim by Kempf for damages against Judge Hansen in her official capacity must be dismissed.

<u>Conclusion</u>

For the foregoing reasons, Defendant Hansen respectfully requests that the Court dismiss Plaintiff's complaint against her in its entirety, and for such other relief as the Court deems appropriate.

Respectfully submitted this 30th day of July, 2010.

        JOHN W. SUTHERS
        Attorney General

        *s/William V. Allen*
        WILLIAM V. ALLEN*
        Senior Assistant Attorney General
        Tort Litigation Unit
        Civil Litigation and Employment Law Section
        Attorneys for Defendant

                              1525 Sherman Street, 7th Floor
                              Denver, Colorado  80203
                              Telephone:  303-866-5235
                              FAX:  303-866-5443
                              E-Mail:  will.allen@state.co.us
                              *Counsel of Record

## CERTIFICATE OF SERVICE

      This is to certify that I have duly served the within Motion to Dismiss upon all parties herein by depositing copies of same in U.S. Mail, first-class postage prepaid, at Denver, Colorado this 30th day of July, 2010 addressed as follows:

Charlotte
dba Charlotte Kempf
2502 West St. Vrain Street
Colorado Springs, CO  80904

                              *s/William V. Allen*
                              _____