**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 10-cv-01606-REB

CHARLOTTE,

    Plaintiff,

v.

KARLA J. HANSEN, State Trial Judge,

    Defendant.

## ORDER GRANTING MOTION TO DISMISS

**Blackburn, J.**

This matter is before me on the defendant's **MOTION TO DISMISS** [#5][1] filed July 30, 2010. The plaintiff filed a response [#7]. I grant the motion.

### I. JURISDICTION

I have putative jurisdiction over this case under 28 U.S.C. § 1331.

### II. STANDARD OF REVIEW

The defendant argues that the plaintiff's complaint must be dismissed based on the defendant's assertion of absolute judicial immunity, because the court lacks subject matter jurisdiction under the ***Rooker-Feldman*** doctrine, because the plaintiff's claim for relief is barred under ***Heck v. Humphrey***, 512 U.S. 477 (1994), and because the plaintiff's claim for damages is barred by the Eleventh Amendment. I conclude that absolute judicial immunity bars the plaintiff's claims for relief and, therefore, I decline to

---

[1] "[#5]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

address the defendant's other arguments.  I construe and treat the defendant's assertion of absolute judicial immunity as an argument under FED. R. CIV. P. 12(b)(6) that the plaintiff has failed to state a claim on which relief can be granted.

In considering a motion under Fed. R. Civ. P. 12(b)(6), I must determine whether the allegations in the complaint are sufficient to state a claim within the meaning of Fed. R. Civ. P. 8(a).  I must accept all well-pleaded allegations of the complaint as true. **McDonald v. Kinder-Morgan, Inc.**, 287 F.3d 992, 997 (10th Cir. 2002).  "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."  **Fernandez-Montes v. Allied Pilots Association**, 987 F.2d 278, 284 (5th Cir. 1993); **see also Ruiz v. McDonnell**, 299 F.3d 1173, 1181 (10th Cir. 2002) ("All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true."), **cert. denied**, 123 S.Ct. 1908 (2003).  I review the challenged portion of a complaint to determine whether it "'contains enough facts to state a claim to relief that is plausible on its face.'"  **Ridge at Red Hawk, L.L.C. v. Schneider**, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting **Bell Atlantic Corp. v. Twombly**, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)); **see also Ashcroft v. Iqubal**, ___ U.S. ___, 129 S.Ct. 1937 (2009).  "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."  **Id.** (emphases in original).[2]  Nevertheless, the standard remains a liberal one,

---

[2] **Twombly** rejected and supplanted the "no set of facts" language of **Conley v. Gibson**, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).  The Tenth Circuit clarified the meaning of the "plausibility" standard:

"plausibility" in this context must refer to the scope of the allegations in a

2

and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." ***Dias v. City and County of Denver***, 567 F.3d 1169, 1178 (10th Cir. 2009) (quoting ***Twombly***, 127 S.Ct. at 1965) (internal quotation marks omitted).

Because plaintiff is proceeding *pro se*, I have construed her pleadings and other filings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. ***See Erickson v. Pardus***, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); ***Andrews v. Heaton***, 483 F.3d 1070, 1076 (10th Cir. 2007); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing ***Haines v. Kerner***, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).

### III. ANALYSIS

The plaintiff's complaint concerns a trial conducted by the defendant, the Honorable Karla J. Hansen. The plaintiff alleges that she received certain summonses and complaints for various traffic-related offenses. Judge Hansen conducted the trial of these charges and, after the plaintiff was convicted, imposed fines and a five-day jail sentence.

In her complaint, the plaintiff alleges that the manner in which Judge Hansen

---

complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible." The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.

This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them. "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."

***Robbins v. Oklahoma***, 519 F.3d 1242, 1247-48 (10th Cir. 2008) (quoting ***Twombly***, 127 S.Ct. at 1974; internal citations and footnote omitted).

3

conducted the trial was improper.  The plaintiff seeks various forms of relief based on alleged flaws in the trial.

The United States Supreme Court has recognized that judges acting in their judicial capacity are absolutely immune from civil rights suits based on these actions, unless the judge was acting clearly without any colorable claim of jurisdiction.  ***Stump v. Sparkman***, 435 U.S. 349, 356-57 (1978).  Judicial immunity applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff."  ***Cleavinger v. Saxner***, 474 U.S. 193 (1985) (quoting ***Bradley v. Fisher***, 80 U.S. (13 Wall.) 335, 347 (1872).  A judge lacks immunity only when he or she acts in the "clear absence of all jurisdiction," ***Bradley***, 80 U.S. (13 Wall.) at 351, or performs an act that is not "judicial" in nature.  ***Sparkman***, 435 U.S. at 360.  The factors relevant in determining whether an act is judicial "relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties,  i.e., whether they dealt with the judge in his judicial capacity."  ***Sparkman***, 435 U.S. at 362.

All of the actions taken by Judge Hansen, as alleged in the complaint, are judicial actions taken in her judicial capacity.  Nothing in the complaint indicates that Judge Hansen was acting outside of her jurisdiction when she took these actions.  Therefore, absolute judicial immunity shields Judge Hansen from the plaintiff's claims.

Viewing the allegations in the plaintiff's complaint as true, the plaintiff has failed to state a claim on which relief can be granted.  Thus, the plaintiff's complaint must be dismissed.

## IV.  ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1.  That under FED. R. CIV. P. 12(b)(6), the defendant's **MOTION TO DISMISS** [#5] filed July 30, 2010, is **GRANTED**;

2.  That the plaintiff's **Complaint** [#1] filed July 8, 2010, is **DISMISSED WITH PREJUDICE**;

3.  That **JUDGMENT SHALL ENTER** in favor of the defendant, Karla J. Hansen, state trial judge, against the plaintiff, Charlotte, aka or dba Charlotte Kempf[3];

4.  That the defendant is **AWARDED** her costs to be taxed by the Clerk of the Court under FED. R. CIV. P. 54(d)(1) and D.C.COLO.LCivR 54.1; and

5.  That this case is **CLOSED**.

Dated February 14, 2011, at Denver, Colorado.

**BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge

---

[3] The surname is taken from the complaint of the plaintiff. *See* Complaint at 8.